UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORTH IDAHO COMMUNITY ACTION NETWORK, a non-profit organization, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ANTHONY J. HOFMANN, in his official capacity as District Commander, U.S. Army Corps of Engineers' Walla Walla District; STEVEN R. MILES, in his official capacity as Commander and Division Engineer, U.S. Army Corps of Engineers' Northwest Division; ROBERT VAN ANTWERP, in his official capacity as Commander and Chief Engineer, U.S. Army Corps of Engineers; and the U.S. ARMY CORPS OF ENGINEERS,<br><br>  Defendants,<br><br>  v.<br><br>IDAHO TRANSPORTATION DEPARTMENT,<br><br>  Applicant for Intervention. | NO.  CV-08-5002-RHW<br><br>**ORDER GRANTING IDAHO TRANSPORTATION DEPARTMENT'S MOTION TO INTERVENE AS DEFENDANT, AND GRANTING DEFENDANTS' MOTION TO CHANGE VENUE TO THE DISTRICT OF IDAHO** |

   Before the Court is Idaho Transportation Department's Motion to Intervene (Ct. Rec. 8), and Defendants' Motion to Change Venue to the District of Idaho (Ct. Rec. 15).  The motions were heard without oral argument.

**ORDER GRANTING IDAHO TRANSPORTATION DEPARTMENT'S MOTION TO INTERVENE AS DEFENDANT, AND GRANTING DEFENDANTS' MOTION TO CHANGE VENUE TO THE DISTRICT OF IDAHO ~ 1**

## I. Motion to Intervene

The Idaho Transportation Department (ITD) seeks intervention pursuant to Federal Rules of Civil Procedure 24. The motion is unopposed, and the Court finds good cause to grant ITD's Motion to Intervene.

## II. Motion to Change Venue

Defendants request that the case be transferred to the District of Idaho in the interest of justice and convenience under 28 U.S.C. § 1404(a). The decision to transfer is in the Court's discretion, and the Court may consider multiple factors in assessing whether to change venue where a case may legally be brought in more than one district. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). These factors include: "(1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id.* Relevant public policy is also a significant factor. *Id.* at 499.

Furthermore, the Supreme Court of the United States has created a list of "private interest factors" and a list of "public interest factors" to guide trial courts in weighing convenience to the litigants and convenience to the public, respectively. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (citation omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and cost of obtaining attendance of willing, witnesses; (3) possibility of view of premises . . . ; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors are: "(1)

**ORDER GRANTING IDAHO TRANSPORTATION DEPARTMENT 'S MOTION TO INTERVENE AS DEFENDANT, AND GRANTING DEFENDANTS' MOTION TO CHANGE VENUE TO THE DISTRICT OF IDAHO ~ 2**

administrative difficulties flowing from court congestion; (2) the 'local interest in having localized controversies decided at home'; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* The Court has discretion in determining how to apportion weight to the relevant factors. *Id.*; *Jones*, 211 F.3d at 498.

The Court finds that the District of Idaho is the more appropriate forum under the factors. While the case may technically be brought in the Eastern District of Washington or in the District of Idaho under 28 U.S.C. § 1391(e), the litigation and outcome of the case will mainly affect Idaho residents, and the case should be transferred in the interest of justice. The community of Sandpoint, Idaho, has a legitimate interest in having local cases decided at home. The highway project only affects Idaho, not Washington, and the land in question is located solely within Idaho. In addition, the District of Idaho has the authority to assign the case to Coeur d'Alene, Idaho, which is only forty-five miles from Sandpoint. The Coeur d'Alene forum is the most convenient for a majority of witnesses and litigants. Coeur d'Alene also promotes ease in the access of proof. Furthermore, Intervenor ITD is located in Idaho, and a related case between Plaintiffs and ITD has already been decided in the District of Idaho.

Plaintiffs' authority for filing the case in the Eastern District of Washington is hinged on Defendants' residency and agency location in Walla Walla, Washington. If the case remained in this district, it would be assigned to Richland, Washington, which is 60 miles from Walla Walla, as opposed to Spokane, Washington, which is 160 miles from Walla Walla. Richland is 220 miles from Sandpoint. The Richland forum would inconvenience Plaintiffs and witnesses, and it is removed from the local Idaho community and highway project. Neither

**ORDER GRANTING IDAHO TRANSPORTATION DEPARTMENT 'S MOTION TO INTERVENE AS DEFENDANT, AND GRANTING DEFENDANTS' MOTION TO CHANGE VENUE TO THE DISTRICT OF IDAHO ~ 3**

Spokane nor Richland is convenient or has any substantial connection to the case.

The Court finds that the District of Idaho, and in particular the forum of Coeur d'Alene, is the most practical and convenient place to hear the case. Regardless of where in Idaho the District of Idaho assigns the case, the District of Idaho is still the better forum as the highway project affects Idaho residents, and this case's outcome has little relevance to the affairs of the State of Washington.

Accordingly, **IT IS HEREBY ORDERED:**

1. ITD's Motion to Intervene (Ct. Rec. 8) is **GRANTED**.

2. Defendants' Motion to Change Venue (Ct. Rec. 15) is **GRANTED**.

3. The District Court Executive shall transfer the case to the District of Idaho and close the file.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 21st day of April, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\North Idaho Community Action\grant.ord.wpd

**ORDER GRANTING IDAHO TRANSPORTATION DEPARTMENT'S MOTION TO INTERVENE AS DEFENDANT, AND GRANTING DEFENDANTS' MOTION TO CHANGE VENUE TO THE DISTRICT OF IDAHO ~ 4**